### 11954. LINGO *v.* WHITE.

Where a husband, at the solicitation of his wife, executes a bank check, payable to "Cash," and delivers it to her, for the express purpose of paying in advance a week's expenses of her father at a hospital where the father is then lying critically ill, the rules of the hospital requiring such payment to be made in advance, and she delivers it to the owner of the hospital for the purpose stated, and the father is cared for in the institution until his death, which occurs after her delivery of the check but upon the same day, the check is not without a valid consideration. And where the owner of the hospital presents the check to the drawee for payment, and payment is refused because of an order of the husband to stop payment, the owner of the hospital is entitled to recover from the husband the face value of the check.

DECIDED MARCH 9, 1921.

Certiorari; from Fulton superior court — Judge Bell. October 5, 1920.

*R. R. Jackson, John F. Echols, J. W. Weaver,* for plaintiff.

*James L. Anderson, John T. Pearson,* for defendant.

BROYLES, C. J. Dr. Lingo brought suit against F. A. White in the municipal court of Atlanta, upon a forty dollar check, and obtained judgment for the full amount of the check, and the defendant carried the case to the superior court by certiorari, the certiorari was sustained, and final judgment was entered in favor of the defendant. It is on exception to this judgment that the case comes to us for review. The evidence showed that the check, which was made payable to " cash, " was drawn by the defendant, and, at the solicitation of his wife, given to her for the express purpose of delivering it to the plaintiff as payment in advance for one week's hospital expenses of her father, which expenses, in accordance with the rules of the hospital, were payable in advance. The check was delivered to the plaintiff or his agent on the same day it was executed by the defendant, and the patient died a few hours after such delivery. Upon learning of the death of his father-in-law, the defendant went to the hospital and demanded the return of the check, but his demand was refused and he was informed there was still a balance of three dollars due the plaintiff for professional services rendered his father-in-law. He paid the three dollars under protest. He subsequently ordered payment on the check stopped, and, when it was presented to the bank upon which it was drawn, payment was refused. The evidence further showed that the defendant's father-in-law had been at the hospital about twenty-one days before he died, and that on two previous occasions, before the defendant gave his wife the check in question, he had given his mother-in-law money to pay in advance a week's hospital bill of her husband. The evidence further showed that there was no contract or understanding between the plaintiff and the defendant as to the payment of these hospital expenses, but that the contract was between the plaintiff and the defendant's father-in-law, and that the plaintiff looked to the father-in-law for such payment.

It is apparent from the record that the defendant stopped payment on the check because his father-in-law died shortly after the delivery of the check for the week's hospital expenses in ad-

vance, and before the expiration of that week, and he evidently thought he was therefore entitled to a rebate, if not to recover the entire amount of the check. However, .no such defense was insisted upon by the defendant· in the trial court, but the grounds of the defense were that the contract to pay the hospital expenses was between the plaintiff and the defendant's father-in-law, that the plaintiff looked for payment to the father-in-law and extended no credit to the defendant, and that the defendant was not a party to the contract and was not legally or morally bound for the payment of the expenses, that the check was based upon no valid consideration, and that after gratuitously giving the check to his wife for the purpose of paying the expenses, the defendant had a legal right to change his mind before the plaintiff had cashed the check and to stop payment thereon. We cannot agree with these contentions. We think the check was based upon at least two valid considerations: (1) the agreement to keep the defendant's father-in-law in the hospital for another week, and (2) the benefit flowing to the defendant from the granting of his wife's request to pay her father's hospital expenses for another week. The first consideration is obvious and needs no discussion, except to say it was not rendered invalid by the fact that the father died before the expiration of the week for which his expenses had been paid in advance. As to the second consideration, the slightest reflection will convince any one that where a husband and wife are living together in peace and happiness (and the living together and the peace and happiness will be presumed, nothing to the contrary appearing), and the wife requests her husband to give her $40 for the purpose of paying in advance for a week the hospital expenses of her father who is lying critically ill in the hospital, a refusal by the husband to give that small amount (he being able to do so) to ease the last hours of her dying father would tend to alienate her affections and to cause a " rift in the lute " of their domestic peace and happiness. Ergo, there was a benefit flowing to the husband from the giving of the check in question. The check being based upon a valid consideration, the defendant had no legal right to stop payment thereon after it had been delivered by his wife to the plaintiff.

It follows from what has been said that the verdict in favor

of the plaintiff was demanded by the evidence, and that the judge of the superior court erred in sustaining the certiorari and entering final judgment in favor of the defendant.

> *Judgment reversed. Luke and Bloodworth, JJ., concur.*